United States Bankruptcy Court
Southern District of Texas
ENTERED
July 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **R&R Transport and Logistics, LLP,** | § | **Case No. 25-36034 (JPN)** |
| **R&R Transport, Inc.** | § | **Jointly Administered** |
| | § | |
| **Debtors.** | § | **Subchapter V** |

# ORDER CONFIRMING DEBTORS' SECOND AMENDED JOINT SUBCHAPTER V PLAN OF REORGANIZATION UNDER 11 U.S.C. § 1191(A)

The Court held a hearing (the "***Confirmation Hearing***") to consider confirmation of the Second Amended Joint Subchapter V Plan of Reorganization, ECF No. 112 (the "***Plan***") filed by R&R Transport and Logistics, LLP and R&R Transport, Inc. (the "***Debtors***"). Having considered the Plan, testimony, declarations, ballot summary, liquidation analysis and other evidence admitted at the Confirmation Hearing, the arguments of counsel and the applicable legal authorities, the Court hereby confirms the Plan and makes and issues the following findings of fact and conclusions of law (the "***Confirmation Order***").[1]

## I. JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[2]

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Plan. All statutory references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*., unless otherwise indicated.
[2] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, Chief Judge).

This Court determines that pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (L) this proceeding involves primarily core matters as it "concern[s] the administration of the estate and confirmation of a chapter 11 plan."[3] Furthermore, this Court may only hear a case in which venue is proper. Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The Debtors' main chapter 11 case is presently pending in this Court and therefore, venue of this proceeding is proper. The pending matter before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), and (L). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order.[4]

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This order supplements those findings and conclusions. If there is an inconsistency, this Order controls.

A. On October 9, 2025 (the "***Petition Date***"), the Debtors commenced these bankruptcy cases (the "***Cases***") by filing voluntary petitions for relief under subchapter V of chapter 11 of the Bankruptcy Code. On October 30, 2025, the Court entered an Order for the joint administration of the Cases.[5] The Debtors have continued as Debtors in possession pursuant to 11 U.S.C. §§ 1108 and 1184.

---

[3] 11 U.S.C. § 157(b)(2).

[4] *Stern v. Marshall*, 564 U.S. 462 (2011).

[5] See ECF No. 16 (case 25-36034) and ECF No. 17 (case 25-36036)

B. On October 15, 2025, the Office of the United States Trustee filed a Notice of Appointment of Chapter 11 Subchapter V Trustee, ECF No. 5 (in case 25-36034) and ECF No. 3 (in Case No. 25-36036), appointing Thomas A. Howley as the subchapter V trustee in each Case (the "***Subchapter V Trustee***")**.**

C. As of the Petition Date, the Debtors were and continue to be eligible for relief under 11 U.S.C. § 109 and subchapter V of the Bankruptcy Code, and the Debtors are the proper proponents of the Plan under 11 U.S.C. § 1189.

D. The Debtors have complied with 11 U.S.C. §1189(b). The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The Plan and Confirmation Hearing Notice were each transmitted and served in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

E. The solicitation of the Plan complied with the Bankruptcy Code and Bankruptcy Rules, was appropriate and satisfactory based upon the circumstances of the Cases, was conducted in good faith, and was in compliance with 11 U.S.C. §§ 1125, 1126, and all other applicable sections of the Bankruptcy Code and Bankruptcy Rules.

F. All parties required to be given notice of the Cases, all deadlines in the Cases, the Plan, and the Confirmation Hearing have been provided due, proper, timely, and adequate notice and had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

G. The Plan complies with 11 U.S.C. § 1190 because it contains a brief history of Debtors' business operations; liquidation analyses; projections with respect to the Debtors' ability to make the payments under the Plan; and the submission of all or a portion of the subchapter V debtors' post-petition income from future earnings to the supervision and control

of the trustee as is necessary for the execution of the plan.

H. The Debtors, as proponents of the Plan, have meet their burden of proving the applicable elements of 11 U.S.C. §§1191(a) by a preponderance of the evidence.

I. The Debtors shall serve as the Disbursing Agent under the Plan.

J. The Liquidation Analyses attached as Exhibits B-1 and B-2 to the Plan, as well as the testimony as to the value of the collateral securing the claims of the secured creditors in Classes 4A to 4J, Classes 5A to 5H, and Classes 5I to 5M, indicates that pursuant to 11 U.S.C. § 506(a), that the value of the collateral securing such claims is sufficient to only cover the Claims of the Secured Creditors in Classes 4A to 4J and 5A to 5H. The claims of the creditors in Classes 5I to 5M are unsecured because no value exists beyond the claims of senior secured creditors. In addition, Forward Financing, the holder of a Class 5M Claim has failed to perfect any purported security interests in the property of the Debtors under applicable law.

K. The Court finds that the proposed compromise between the Debtors and Fox Funding Group, Inc. and Union Funding Source, Inc and their election to Opt-In to the treatment of their claims pursuant to Section 8.4 of the Plan satisfies the standards for approval of a compromise and settlement of disputed matters pursuant to 11 U.S.C. § 1123(b)(3)(A), Bankruptcy Rule 9019, and the legal standards prescribed by *Protective Committee for Independent Stockholders of TMT Trailer Ferry Inc., v. Anderson*, 390 U.S. 414 (1968). The plan treatment of the Class 5I and Class 5J claims is fair and equitable and falls within the range of reasonable litigation outcomes, avoids costs, delay and uncertainty as to the resolution of complex legal and factual disputes over the financial accommodations and the Debtors' claims and defenses, and is in the interests of the estates.

L. As set forth in this paragraph, the Debtors have made certain clarifying

modifications to the Plan based on their discussions with creditors or to address the limited objection filed by Ryder Truck Rental, Inc., and such modifications which were made before confirmation of the Plan satisfy the standards under 11 U.S.C. § 1193. Such modifications and clarifications are as follows:

**Modification 1**—The definition of Administrative Claim in Section 2.1 which refers to section 507(a)(1) is a typographical error and is amended to refer to section 507(a)(2).

**Modification 2**—The definition of Disputed Claim is deleted and replaced in its entirety as follows:

> **2.34** **Disputed Claim**: A Claim in a particular Class as to which a Proof of Claim has been filed or is deemed to have been filed under applicable law or an Administrative Claim, as to which an objection has been or is filed in accordance with the Plan, the Bankruptcy Rules, or the Local Rules, which objection has not been withdrawn or determined by Final Order.

**Modification 3**—Section 6.4 of the Plan is deleted and replaced in its entirety as follows:

> 6.4 **Payment Defaults of Priority Tax Claims and Secured Tax Lien Claims**. Notwithstanding Article 14 of this Plan, a failure by the Reorganized Debtors to make a payment on an Allowed Priority Tax Claim or a Secured Tax Lien Claim in Class 5A to 5E pursuant to the terms of this Plan shall be an event of default. If the Reorganized Debtors fail to cure an event of default as to the Plan payments within 10 Business Days after service of written notice of default from the holder of an Allowed Priority Tax Claim or the holder of a Secured Tax Lien Claim, then such holder of an Allowed Priority Tax Claim or the holder of a Secured Tax Lien Claim may (a) enforce the entire amount of its claim, (b) exercise all rights and remedies under applicable non-bankruptcy law, and (c) seek such relief as may be appropriate with the Bankruptcy Court. Written notice of default shall be served via email to Debtors' counsel, Joseph G. Epstein at joe@epsteintexaslaw.com and to the Debtors, attention Randy Russell at randy@corporatedelivery.com.

**Modification 4**—Section 7.1, Class 4E is clarified to include the additional language that "CDS is a guarantor of Loan No. xxxx4545."

**Modification 5**—A new Section 7.3(iv) is added to provide as follows:

> (iv) **Payment Method**. Pending further written instruction from Simmons Bank to the Debtors, all payments pursuant to Class 4J shall be paid by separate check or by ACH with a notation for "attorney's fees." Such payment should be delivered to the attention of Scott Babb, Loan Workout Specialist, Special Assets Group, Simmons Bank, 800 N. Arkansas Avenue, Russellville, AR 72801.

Accordingly, it is therefore

**ORDERED:** that

1. The Second Amended Joint Subchapter V Plan of Reorganization of Debtors filed on May 27, 2026 (ECF No. 112) and attached hereto as **Exhibit A** is hereby **CONFIRMED** and approved in each and every respect as a consensual plan pursuant to 11 U.S.C. § 1191(a), with the modifications set forth herein (the "***Plan***"). The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order. The Plan shall be effective and binding upon entry of this Confirmation Order but subject to the occurrence of the Effective Date. The terms of the Plan and the Debtors' or Reorganized Debtors' entry into any related documents and performance thereunder, including, without limitation, all documents necessary to implement the transactions contemplated under the Plan, are hereby approved and authorized. The Debtors and Reorganized Debtors are authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, agreements and other documents contemplated by the Plan.

2. To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, any such objections are hereby overruled.

3. Pursuant to 11 U.S.C. § 1183(c)(2), not later than fourteen (14) days after Debtors' plan is substantially consummated, Debtors must file with the Court and serve on the Subchapter

V Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation and file such notice with the Clerk of Court.

4. Upon substantial consummation of the Plan, the duties of the Subchapter V Trustee in the Cases shall terminate as provided under 11 U.S.C. § 1183(c)(1). Nevertheless, the Subchapter V Trustee is not discharged pursuant 11 U.S.C. § 350(a) until such time as the Court enters its final decree and closes the Cases.

5. Not later than sixty (60) days after the Plan has been substantially consummated the Subchapter V Trustee must file with the Clerk of Court a Report of No Distribution (NDR) or Final Report (TFR).

6. The Debtors must request a hearing date on all final motions including the motion for final decree.

7. In the event of a conflict between provisions of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

8. Within three (3) calendar days after entry of this Order, the Debtors must serve notice of entry of this Confirmation Order ("***Notice***"), pursuant to Bankruptcy Rule 3020(c). The Notice must be sent to all creditors and parties-in-interest by first class mail, postage prepaid. The Debtors must thereafter promptly file a copy of such Notice with proof of mailing with the Clerk of Court.

9. The provisions of the Plan, and any documents executed in conjunction with the Plan, and this Confirmation Order are effective as of the entry of this Confirmation Order, but subject to the occurrence of the Effective Date, to the fullest extent of applicable law including, without limitation, 11 U.S.C. § 1141, the Plan and this Confirmation Order shall be binding on the Debtors; all holders of claims and Interests, regardless of whether they are Impaired under the

Plan and whether or not such holders of Claims and Interests voted to accept the Plan; and each person or entity acquiring property under the Plan. The Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

10. Except as otherwise set forth herein, the Debtors shall be and are hereby discharged to the extent and as provided by 11 U.S.C. § 1141(d)(1), except that Debtors will not be discharged of any debt or obligation: (i) imposed by this Plan; and (ii) excepted from discharge under 11 U.S.C. § 523 to the extent provided in 11 U.S.C. § 1141(d)(6). Notwithstanding the foregoing, the Debtors' discharge shall not take effect with respect to the claims of Ryder Truck Rental, Inc. ("Ryder") unless and until all payments contemplated by the Plan have been made.

11. The compromise of controversies pursuant to Bankruptcy Rule 9019 between the Debtors and Fox Funding Group, Inc. and Union Funding Source, Inc. is approved.

12. The following Plan modifications set forth in paragraph L of the Findings of Fact of this Order are hereby approved.

13. Except as otherwise provided in the Plan, all of the Debtors' assets shall be granted, released, assigned, conveyed, transferred, and delivered as of the Effective Date to the Reorganized Debtors pursuant to 11 U.S.C. §§ 1123(a)(5)(B) and 1123(b)(3)(B) and in accordance with the Plan and Confirmation Order, and as of the Effective Date, free and clear of any and all liens, claims, encumbrances, and interests (legal, beneficial, or otherwise) of all other persons and governmental units to the maximum extent contemplated by and permissible under 11 U.S.C. § 1141(c) for the uses and purposes as specified in the Plan and this Confirmation Order.

14. Except as otherwise provided in the Plan, no distributions will be made with respect to a Disputed Claim until the resolution of such dispute by settlement or Final Order. The provisions of this section are not intended to restrict payment of any allowed claims which are not

disputed. Until a Disputed Claim is resolved, the Debtors must hold any portion of plan payments that would be disbursed to the claimant if the claim were allowed in full, subject to a final resolution of the Disputed Claim. Upon resolution in favor of the allowed claim, the Debtors must distribute withheld funds to the claimant within the next payment period. If the Disputed Claim is disallowed, the Debtors must make withheld funds available to allowed claim holders in accordance with the terms of the Plan within the next payment period.

15. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety subject to the modifications set forth herein. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, subject to the modifications set forth herein, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order.

16. The Debtors and their respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Order.

17. Nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, impairing or extinguishing in any respect any causes of action disclosed on Debtors' schedules or arising under chapter 5 of the Bankruptcy Code or any other claims or defenses owned by the Debtors on the Effective Date, and the Debtors shall retain such claims as provided in the Plan, including any claims or defenses that may not have been defined in the Plan but are nonetheless owned by the Debtors on or before the Effective Date. After the Effective Date, the

Debtors may, in accordance with the provisions of the Plan, evaluate and determine whether to pursue any such retained claims.

18. Within ninety (90) days from the Effective Date, unless such date is extended by Order of the Bankruptcy Court after notice and hearing, the Debtors may file with the Bankruptcy Court objections to Claims and Interests and shall serve a copy of each such objection upon the holder of the Claim or Interest to which such objection pertains ("***Disputed or Undetermined Claim***"). Unless arising from an Avoidance Action, any Proof of Claim filed after the Effective Date shall be of no force and effect and need not be objected to; provided, however, that Ryder may amend its proof of claim after the Effective Date. Any Disputed or Undetermined Claim may be litigated to Final Order. The Debtors may compromise and settle any Disputed or Undetermined Claim without the necessity of any further notice or approval of the Bankruptcy Court, and Bankruptcy Rule 9019 shall not apply to any settlement of a Disputed or Undetermined Claim not later than thirty (30) days after after the Effective Date. At the time, and to the extent that a Disputed or Undetermined Claim becomes an Allowed Claim, such Allowed Claim shall be entitled to distributions under the Plan. Such Distributions shall be made in the manner provided for by this Plan, or any Final Order of the Bankruptcy Court with respect to such Allowed Claim.

19. Except as otherwise expressly provided in the Plan, all payments and other distributions to be made under the Plan shall be timely and proper if mailed by first class mail on or before the date of distribution provided for in the Plan to the address listed in the creditor's proof of claim filed in these Cases, or, if no proof of claim is filed, to the creditor's last known mailing address.

20. The Court shall retain jurisdiction of these cases for all purposes provided in 11 U.S.C. §§ 1127(b) and 1142, and Bankruptcy Rule 3020(d).

21. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan, all the property of the Estate vests in the Debtors. Except as provided in 11 U.S.C. § 1141(d)(2) and (3), and except as otherwise provided in the Plan or in this Confirmation Order, after Confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Interests of creditors. If the Debtors' bankruptcy case is subsequently converted to Chapter 7, all property of the Debtors shall automatically revest and become property of the bankruptcy estate of the Debtors in the converted Chapter 7 case.

22. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated in the Plan, the laws of the State of Texas, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, and any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

23. No later than fourteen (14) calendar days from the Effective Date of the confirmed Plan, all professionals, including the Subchapter V Trustee, must file all final fee applications, pursuant to Fed. R. Bankr. P. 2016; and Debtors must file a motion for final decree, pursuant to Fed. R. Bankr. P. 3022 and 11 U.S.C. § 1106(a)(7).

24. This Confirmation Order is a Final Order which shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the period in which an appeal must be filed shall commence upon the entry hereof.

Signed: July 06, 2026

Jeffrey P. Norman
United States Bankruptcy Judge